[No. 32782-8-I.    Division One.    April 4, 1994.]

CHRISTINA L. FLEMING, *Respondent*, v. GRANGE
INSURANCE ASSOCIATION, *Appellant*.

*William J. Price, Vickie L. Vaska,* and *Karr Tuttle Campbell,* for appellant.

*David A. Kohles,* for respondent.

COLEMAN, J. — This appeal arises out of a dispute between Appellant Grange Insurance Association and Respondent Christina L. Fleming over the interpretation of an automobile insurance policy issued to Bryan R. Brittain. Grange appeals the trial court's award of summary judgment in favor of Fleming, arguing that Fleming is not within the class of persons entitled to underinsured motorist benefits under Brittain's policy. We agree and reverse.

On August 15, 1992, Fleming was injured while riding as a passenger in her own automobile, which was being driven by Brittain. The accident occurred when Michelle M. Bryant's car crossed the center line and struck Fleming's automobile. Fleming's automobile was not covered by an insurance policy at the time of the accident.

After Bryant was found to be at fault, Fleming accepted a $25,000 policy limit settlement offered by Bryant's insurance company. In exchange, Fleming released Bryant and her insurance company from any further liability arising out of the accident.

Fleming subsequently sought underinsured motorist (UIM) benefits under an insurance policy issued by Grange to Brittain. Grange denied the benefits on the basis that

Fleming was not a "covered person" under the Brittain policy.

On April 21, 1993, the trial court heard respective motions for summary judgment. The court awarded summary judgment in favor of Fleming, stating that Fleming was within the class of persons entitled to UIM benefits under the Brittain policy. Grange appeals.

■ When reviewing an order of summary judgment, the appellate court must engage in the same inquiry as the trial court. *Roller v. Stonewall Ins. Co.*, 115 Wn.2d 679, 682, 801 P.2d 207 (1990) (citing *Wendle v. Farrow*, 102 Wn.2d 380, 383, 686 P.2d 480 (1984)). An order of summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Roller*, at 682 (citing *Wendle*, at 383).

■■ In this case, because the parties do not dispute the facts, Fleming's entitlement to UIM benefits depends solely on the language of the Brittain insurance policy. The interpretation of such language is a question of law. *Roller*, at 682 (citing *State Farm Gen. Ins. Co. v. Emerson*, 102 Wn.2d 477, 480, 687 P.2d 1139 (1984)). This court must therefore review de novo the trial court's decision regarding insurance coverage. *Roller*, at 682 (citing *Inland Empire Distrib. Sys., Inc. v. Utilities & Transp. Comm'n*, 112 Wn.2d 278, 282, 770 P.2d 624, 87 A.L.R.4th 627 (1989)). The policy should be given a fair, reasonable, and sensible construction such as would be given to the contract by the average person purchasing insurance. *Roller*, at 682 (citing *E-Z Loader Boat Trailers, Inc. v. Travelers Indem. Co.*, 106 Wn.2d 901, 907, 726 P.2d 439 (1986)).

We initially determine whether Fleming, who was injured while riding as a passenger in her own automobile, is a "covered person" under the UIM endorsement provision of Brittain's Grange policy.

Brittain's Grange policy includes UIM coverage for bodily injury sustained by a "covered person". A "covered person" is defined as:

1. You or any "family member".
2. *Any other person "occupying" your covered auto.*
3. Any person for damages that person is entitled to recover because of "bodily injury" to which this coverage applies sustained by a person described in 1. or 2. above.

(Italics ours.)

Within the second definition of a "covered person" are three words, "your covered auto". These three words are not set off by quotation marks and, as a phrase, are not defined anywhere in the policy. The main policy booklet does, however, provide definitions of these three words either alone or in various combination. The word "you" or "your" is defined as "the insured named on the information page(s) . . .". The phrase "your auto" is defined as "[t]he vehicle(s) described on the information page(s) of this policy". Finally, "covered auto" is defined as any of the following:

a. **Insured auto, owned auto or your auto** the vehicle(s) described on the **information page(s)** of this policy.

b. Newly owned auto[.]

c. Temporary substitute autosomeone else's **auto** temporarily used while **yours** is destroyed, broken down, being serviced or repaired. It **must** be used by **you** or a **covered person**.

d. Non owned autosomeone else's **auto** operated by **you** or a **family member** with the owner's permission. It cannot be furnished for the regular or frequent use of **you** or a **family member**.

Fleming contends that the grant of UIM coverage under this policy is controlled by the phrase "covered auto". In particular, the definition of that phrase provides four categories of vehicles for which Brittain is covered. According to Fleming, because she meets the requirements of one of those categories, *i.e.*, a passenger in a nonowned automobile driven by Grange's insured, she is entitled to UIM coverage as a "covered person".

Grange, on the other hand, contends that because the pronoun "your" precedes the words "covered auto", the Brittain policy extends UIM coverage only to passengers occupying a vehicle in which Brittain has an ownership interest. Thus, Grange argues, because Brittain has no ownership

interest in Fleming's car, Fleming was not occupying a "your covered auto" within the meaning of the policy. In support, Grange cites *Sowa v. National Indem. Co.*, 102 Wn.2d 571, 688 P.2d 865 (1984). We agree with Grange's position and find that the analysis applied in *Sowa* controls the disposition of this case.

In *Sowa*, the Sowas' son, Kevin, purchased a motorcycle and took immediate possession. *Sowa*, at 572-73. Prior to the formal transfer of title, Kevin was involved in an accident. *Sowa*, at 572-73. The Sowas subsequently sought UIM benefits under the motorcycle policy of the previous owner. *Sowa*, at 573.

Like the insurance policy in this case, the policy in *Sowa* included UIM protection for "covered persons". "Covered persons", in turn, were defined as "any other person occupying 'your' covered auto". *Sowa*, at 573. The Sowas argued that their son was entitled to UIM benefits as an individual occupying a " 'your' covered auto" because on the day of the accident, the motorcycle was listed on the policy. *Sowa*, at 575. The insurance company, however, argued that the pronoun "your" required that it only insure vehicles owned by the policy holder. *Sowa*, at 573.

On review, our Supreme Court affirmed the trial court's order denying coverage, finding that the definition of "covered auto" was to be read in conjunction with the policy definitions of "you" and "your". *Sowa*, at 575-77. Thus, because the policy defined "you" and "your" as the named insured, the policy required the insured to have an ownership interest in the "covered auto". *Sowa*, at 575-77.

█ As Grange correctly contends, despite the factual differences between *Sowa* and this case, the court's reasoning nevertheless applies.[1] In particular, when the term "covered auto" is read in conjunction with the term "your", it is clear

---

[1]Fleming attempts to distinguish *Sowa* from this case on two grounds. First, the policy in *Sowa* specifically defined the phrase "your covered auto" as any vehicle shown in the declarations. Second, the policy in *Sowa* did not contain multiple definitions of the term "covered auto". We find these factual differences to be inconsequential. The basic inquiry in both cases is, as a matter of contract interpretation, the effect of the pronoun "your" on the phrase "covered auto".

that the phrase "your covered auto" requires an ownership interest. That is to say, the named insured must be the owner of the vehicle at the time of the accident in order for any person "occupying" the vehicle, other than the named insured, to qualify for UIM coverage.

Under the interpretation offered by Fleming, no effect is given to the term "your". Indeed, in order for the policy to comport with Fleming's interpretation, the language would have to read: "a covered auto driven by you". Clearly, under this alternative language, a third party passenger would be entitled to UIM coverage under all four "covered auto" categories. The policy in this case, however, specifically provides that it must be "*your* covered auto". The pronoun "your" therefore clearly and unambiguously restricts the scope of UIM protection afforded to third party passengers. *see Sowa*, at 576-77 (stating that courts cannot rule out language included by the parties). Thus, in this case, because Brittain was not driving an automobile that he owned, Fleming was not a person occupying a "your covered auto" at the time of the accident.

Fleming contends that this result is illogical because it eliminates coverage with respect to two of the four "covered auto" categories. Fleming fails to recognize, however, that the policy extends UIM protection quite broadly to the *insured* under all four categories. That is to say, the scope of UIM protection as it relates to an insured and his or her family members does not depend on ownership. An insurance company is entitled, however, to restrict the scope of UIM protection as it relates to nonpremium paying third party passengers. *see Blackburn v. Safeco Ins. Co.*, 115 Wn.2d 82, 87-88, 794 P.2d 1259 (1990). Our Supreme Court has recognized as much, stating: " 'Other insureds' have the option . . . to contract with an insurance company and pay a premium for UIM insurance that applies at all times, regardless of their status in a particular vehicle." *Blackburn*, at 89.

Thus, Fleming could have purchased insurance to protect her status as an insured, but she failed to do so.

And while the public policy underlying Washington's UIM statute is to maximize the protection afforded by insurance coverage, it does not require insurance companies to provide the coverage for free. *Blackburn*, at 88. We therefore find that the exclusionary clause in the Grange policy is consistent with Washington's UIM statute and that the trial court erred, as a matter of law, in denying Grange's motion for summary judgment.

■ Because of our disposition, Fleming is not entitled to an award of attorney fees and costs on appeal under the holding of *Olympic S.S. Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991) or the frivolous claim statute, RCW 4.84.185.

The order of summary judgment is reversed, and the cause is remanded for entry of a judgment in favor of Grange Insurance Association.

WEBSTER, C.J., and SCHOLFIELD, J., concur.

Reconsideration denied April 28, 1994.

Review denied at 125 Wn.2d 1002 (1994).